WILLIAM H. CARPENTER *vs.* EBENEZER ALDRICH & others

Though a writ, sued out by a plaintiff who is not an inhabitant of the State, is not indorsed as is required by Rev. Sts. *c.* 90, § 10, yet the defendant must make the objection at the first term, or he will be held to have waived it.

THE writ in this case was entered in the court of common pleas, at August term 1840. At March term 1841, the defendants moved that the action should be dismissed, because it appeared on the writ, that although the plaintiff, when the same was made and served, was an inhabitant of Pennsylvania, yet it was not indorsed by an inhabitant of this State, as is required by Rev. Sts. *c.* 90, § 10. *Strong,* J. denied the motion, " be

cause it was made after the first term." The defendants alleged exceptions.

*S. Allen*, for the defendants.

*Miles*, for the plaintiff.

SHAW, C. J. It is true, as stated in the argument for the defendants, that the provision of Rev. Sts. *c.* 90, § 10, is explicit and mandatory, that "all original writs, in which the plaintiff is not an inhabitant of the State, shall, before the entry thereof, be indorsed." But it is perfectly manifest, that it is a provision made for the benefit of the defendant, and therefore he may waive it ; and upon very strong grounds of justice and expediency, it has been adjudged, that if he does not take advantage of it in season, he does waive it. *Whiting* v. *Hollister,* 2 Mass. 102. *Gilbert* v. *Nantucket Bank,* 5 Mass. 98. *Clapp* v. *Balch,* 3 Greenl. 216. And even where the constitution of the Commonwealth, the fundamental and irrepealable law of the people, is equally explicit and mandatory, that all writs " shall bear test of the first justice," it is nevertheless held that the party, who might avail himself of a violation of this injunction, waives his right of doing so, by pleading to the merits. *Ripley* v. *Warren,* 2 Pick. 592.

The case of *Haywood* v. *Main,* 18 Pick. 226, cited in the argument for the defendants, is not opposed to this decision, because there is nothing in that case to show that the motion to dismiss was not seasonably made ; and we must presume that it was made at the first term.

*Exceptions overruled.*